**Opinion delivered June 13, 1888.**

No. 6002.

**J. R. HOOKS *v.* THE STATE.**

MALICIOUS MISCHIEF—WILFULLY PULLING DOWN FENCE.—Under our law a tenant in possession of leased premises is the owner thereof until the expiration of the lease, and may, during such time, make any legiti· mate use of the premises, such as opening a convenient passway in a fence, when such passway does not expose the growing crops of the owner of such fence to depredation by stock.   See the opinion for the substance of evidence *held* insufficient to support a conviction for wil· fully pulling down a fence, etc.

APPEAL from the County Court of McLennan.   Tried below before the Hon. W. W. Evans, County Judge.

The opinion discloses the case.   The penalty assessed against the appellant was a fine of ten dollars.

*J. W. Taylor*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   Defendant rented from Mrs. Cagle her farm for the year 1887.   There was a fence dividing said farm from one owned by another person.   The house in which defendant lived on Mrs. Cagle's farm was inside said farm enclosure.   During his tenancy he pulled down one panel of said dividing

fence for the purpose of affording him a passway more convenient than the one with which the farm was provided. 'He pulled down this panel of the fence without the consent of Mrs. Cagle and against her express protest. Upon this state of facts he has been prosecuted and convicted under article 684 of the Penal Code.

As we view the law the conviction is erroneous. A tenant in possession of leased premises is the owner thereof until the *expiration* of his lease. (Brumley v. The State, 12 Texas Ct. App., 609; Zallner v. The State, 15 Texas Ct. App., 23.) He has the right during said time, to make any reasonable, legitimate use of the premises, such as opening a convenient passway in a fence, when such passway does not expose the growing crops. of the *owner* of such fence to depredation by stock. (Woodyard v. The State, 19 Texas Ct. App., 516; Jones v. the State, 18 Texas Ct. App., 366; Cleveland v. The State, 8 Texas Ct. App., 44.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*